```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**CHARLIE A. ROSS,**

    **Petitioner,**

**v.**                **//**        **CIVIL ACTION NO. 1:11CV126**
                                       **CRIMINAL ACTION NO. 1:04CR25**
                                             **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On October 16, 2008, pro se petitioner, Charlie A. Ross ("Ross"), filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of West Virginia. Upon review of the petition, the Honorable Irene Berger found it to be a thinly veiled § 2255 petition seeking to vacate his sentence from the Northern District of West Virginia. After informing Ross of her finding and there being no objection, Judge Berger transferred the case to this Court on July 15, 2011. Pursuant to LR PL P 2, the Court referred this matter to United States Magistrate Judge Joel for initial screening and a report and recommendation.

On November 2, 2011, Magistrate Judge Joel issued an Opinion and Report and Recommendation ("R&R") recommending that Ross's motion to vacate his sentence be denied and the case be dismissed with prejudice (dkt. no. 8, case no. 1:04CR25 & dkt. no. 80, case no. 1:11CV126). Magistrate Judge Joel determined that Ross's § 2255 motion filed on October 16, 2008 should be denied because he failed

to file his petition within the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The R&R also specifically warned that failure to object to the recommendation would result in the waiver of any appellate rights on this issue. The parties did not file any objections.[1]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety, **DENIES** the motion to vacate (dkt. no. 2, case no. 1:04CR25 & dkt. no. 73, case no. 1:11CV126), and **ORDERS** the case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: November 21, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).